# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09-CV-357-FDW-DCK

| | |
|---|---|
| **OFFICE DEPOT, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **AMERICAN PRODUCTS DISTRIBUTORS,** ) | |
| **INC., and C. RAY KENNEDY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Fourth Joint Motion To Stay Briefing Schedule On Motion For Reference To The United States Bankruptcy Court For The Western District Of North Carolina" (Document No. 35) filed May 10, 2010. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

This matter is governed by the "Standing Order Governing Civil Case Management Before The Honorable Frank D. Whitney" (3:07-MC-47 (Document No. 2)). As such, the "Initial Scheduling Order" (which was issued in this matter on August 20, 2009) provides as follows:

> Extensions of time to serve pleadings shall not be granted except by leave of court for good cause shown (consent of opposing counsel alone is not sufficient). Absent extraordinary circumstances, no party shall receive more than one extension of time to serve a pleading, with any such extension being no more than twenty (20) days in duration. ... Any motion to extend the foregoing time... shall be filed immediately upon counsel learning of the need for the same and in any event no fewer than three (3) <u>business</u> days in advance of the filing deadline sought to be modified. The moving party must show consultation with opposing counsel regarding the requested extension and must inform the Court of the views of opposing counsel on the request. If a party fails to make the requisite showing, the Court will summarily

deny the request for extension. Any motion for an extensions must also be accompanied by a separately submitted proposed form of order.

The undersigned noted in the "Order" (Document No. 34) granting the "Third Joint Motion To Stay Briefing Schedule..." (Document No. 33) that further requests for extension were unlikely to be granted. Although the parties' ongoing efforts to settle this matter are commendable, the parties' request for extension is inconsistent with the dictates of Judge Whitney's "Standing Order..." (Document No. 2).

**IT IS, THEREFORE, ORDERED** that the "Fourth Joint Motion To Stay Briefing Schedule On Motion For Reference To The United States Bankruptcy Court For The Western District Of North Carolina" (Document No. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may file a response to the "...Motion For Reference To The United States Bankruptcy Court..." (Document No. 25) on or before **May 31, 2010**, and Defendants may file a reply on or before **June 10, 2010**.

**SO ORDERED.**

Signed: May 10, 2010

David C. Keesler
United States Magistrate Judge